IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JOHN W. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | No. 09-142 EJM |
| ) | |
| vs. ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for supplemental security income benefits. The briefing schedule concluded on May 27, 2010. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for payment of benefits.

On November 18, 2008, the court reversed and remanded this matter for further consideration. The Commissioner again denied plaintiff's application for benefits. Plaintiff asserts that the Administrative Law Judge (ALJ) erred in failing to afford proper weight to consulting physician Kuhnlein's limitation as to sitting, and erred in discounting certain limitations posed by his treating psychiatrist, Dr. Husman.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ previously requested consulting examiner Dr. Kuhnlein to examine plaintiff. Upon examination, Dr. Kuhnlein concluded plaintiff could sit occasionally, stand occasionally, or walk occasionally, each for up to 30 minutes at a time, alternating for comfort. T. 352. The court's order of November 18, 2008 noted the ALJ's express assignment of significant weight to Dr. Kuhnlein's views. However, the court further noted the ALJ failed to explain why the sitting limitations found by Dr. Kuhnlein, supported by and consistent with the record, were omitted from plaintiff's residual functional capacity. The matter was remanded for reconsideration of the limitations as to sitting, including those in Dr. Kuhnlein's opinion.

On remand, without discussing Dr. Kuhnlein's views, the ALJ found plaintiff has the residual functional capacity to sit 6 hours in an 8 hour workday. T. 418. In SSR83-10, "occasionally" is defined as occurring from very little up to one-third of the time, or generally totaling no more than about 2 hours of an 8 hour workday. It is the court's view that the ALJ erred in failing to afford adequate weight to Dr. Kuhnlein's opinion, which is supported by the record, and not inconsistent with plaintiff's episodic ability to perform the daily activities discussed in the ALJ's decision. Accordingly, the court concludes the ALJ's decision is not supported by substantial evidence on the record as a whole.

When Dr. Kuhnlein's uncontroverted views are afforded the weight to which they are entitled, the court is satisfied that the record, including vocational expert testimony (T. 568), establishes that plaintiff is unable to engage in substantial gainful activity, day in and day out, in the "sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982 (en banc).

It is therefore

ORDERED

Reversed and remanded for payment of benefits.

July 27, 2010.

                                              Edward J. McManus, Judge
                                              UNITED STATES DISTRICT COURT